Brown v. Fofana Appeal No. 22-2458 Mr. Weiss, whenever you're ready. Good morning, Your Honors. May it please the Court, my name is Samuel Weiss. I represent the appellant, Lee Brown. I'll try to reserve two minutes for rebuttal. Mr. Brown, even in the severely constrained space that he had in his amended complaint, nonetheless stated a claim under Title II of the ADA. He alleged that he had a significant impairment. He had a torn ACL. This impairment required an accommodation. In fact, he had been given an accommodation at his previous facility, which is a lower bunk so that he doesn't have to climb on top. That he was moved facilities and that somehow that accommodation was not moved with him and so that he was placed on the top bunk where the person on the lower bunk needed a wheelchair and also had a crowded cell because the small cell was full of the mobility devices for the person on the lower bunk. This is sufficient to state a Title II ADA claim. Mr. Weiss, you're not arguing, I don't think, but I want to just be clear on this. Did we have to consider or the district judge should have considered the first complaint in determining that there was enough in the amended complaint to state an ADA claim? Well, I guess I would phrase it slightly differently. I would say that this court should consider the amended complaint, or pardon me, should consider the initial complaint, although not as a complaint. But how do we fairly review what the district court did if we're considering the first complaint, but the district judge did not have to? And the reason I ask this question is these screening orders, the district judges are often provided with unruly complaints. Far different than even what Mr., far more unruly than what Mr. Bromley submitted and the district judge will strike the complaint for one reason or another and an amended complaint will be filed. But is it incumbent upon district judges to go back to that first complaint, which the judge may have spent little time with because it may have made, let's say, very little sense. I'm just bringing that up. Does the judge have to go back and look at the first complaint to determine whether or not or what claims are stated in an amended complaint? That seems to me that that could not be the law. I agree with your honor. I think that that's efficiently put. I would say, and defendants make this point about why didn't we appeal the first screening order? Why did we just appeal the second screening order? And I think that actually gets to your question a little bit, which is that the district court has broad discretion in docket management. And what the district court here did was take a complaint that was 30 pages long, was actually fairly coherent, and say, I'm going to strike this, and essentially instructed Mr. Brown to no displeased. Well, it was more than that. I mean, the district court said, looking at this first complaint, I see several different claims. You can't do that. This violates Rule 18. He wasn't talking about Rule 18, but he might have been thinking of that. And so the district court just says, pick a claim and use this form. And I think, as you're conceding, the first complaint is gone as a complaint. But there is law that says evidentiary admissions are possible from those early things. But even more important, there's law that says when you evaluate any complaint, whether there was a first complaint, never a first complaint, if factual scenarios that are consistent with it can be thought of, you can suggest that sort of thing. It's not proof, but it's a way of applying the Twombly-Iqbal standard. Yeah, that's absolutely right. And it happens in a non-adversarial setting. Where you've got a pro se plaintiff who just knows he's unhappy, thinks he's being treated poorly, and, for example, may not identify the difference between the Eighth Amendment, the ADA, or perhaps the Rehabilitation Act. And on that point, could I ask you, if we wind up remanding this, the defense's issue is raise this Eleventh Amendment defense. As I understand it, that would not be applicable to Rehabilitation Act claims. That's exactly right. I think Judge Wood is correct, and I would go a tiny bit farther even than Judge Wood's point, which is that Mr. Brown is due all inferences. And that, at the very least, the initial complaint for our review does put a little meat on the bones here of those inferences. Just for example, he says that he was denied accommodations in about the page and a half that he had to write. And to Judge Wood's point about, well, there were various issues, I will say the district court judge was almost exclusively focused on length, and then said you have five pages, double spaced, to write your complaint, because otherwise it violates Rule 8. That did seem a bit stringent. Yes. There has long been a Goldilocks sort of problem under Twombly and Iqbal, as you put it in your reply brief. Absolutely right. And we've seen complaints thrown out for being too long, too short, and sometimes it's rare in the same case, but we have that here. Yeah. And to go a little bit farther than Judge Wood, I would mention a point that Your Honor, an opinion that Your Honor wrote and that defendants rely on, which is Beal v. Beller, in which defendants rely on this for saying, if you file a nomadic complaint, that throws the first complaint out the window. And that's true as a complaint. However, what Your Honor wrote and this court held was that this court looked back to a superseded complaint that was therefore no longer valid as a complaint, but said it's still valid as an affidavit because it was sworn under penalty of perjury. And so we're going to look to that, and that actually created a fact issue that got the plaintiff past summary judgment. Here, if you look at Record 29, Mr. Brown also swore under penalty of perjury his initial complaint. So the allegations in there, at the very least, should be as relevant as they were in Beal v. Beller, and of course we're not on summary judgment. We're on a pre-service screening order, non-adversarial. So I take Judge Kirsch's concern about docket management, and I would say that that's the reason we didn't appeal the initial order. District courts, especially with these pro se complaints that can be challenging, they are owed a lot of deference to how exactly they want to manage their dockets. I just thought your answer was going to be no, that in this case the amended complaint said enough. He mentions the ADA, he mentions reasonable accommodations, he mentions the top bunk, he mentions the wheelchairs, and that's enough here to infer, construing the complaint liberally because he's a pro se plaintiff, that he made a reasonable accommodation claim. Well, we absolutely do make that argument. We think the amended complaint is enough, and we think especially what the initial complaint does is, I think the distinction between us and defendants, what defendants say is that you have to put a blindfold on and you have to pretend that this initial exchange in which he filed a fairly reasonable complaint and the district court filed an order that said this is too long, you're capped at five pages, please don't go into the details. I just need to know which defendants you're suing and for which reason. That's a little bit of a red herring because he could have made the complaint in a paragraph. Well, I think he did, Your Honor. Yeah, that's not a terrible argument, okay, but he could have. He didn't need ten pages to say he was denied a low bunk permit and denied a reasonable accommodation because he banged up his knee. Yeah, you're absolutely right, Your Honor, and of course we're not dealing with a super sophisticated litigant. We have a pro se incarcerated plaintiff here. We think the amended complaint says enough, but we have some of these distinctions with defendants where defendants say he said he was denied an accommodation. He said he was placed on a top bunk, but he didn't specifically say that the accommodation he asked for was the lower bunk. Now, I think that's an inference my client would be owed, but if not, even if not, it's in the initial complaint, and we think it's consistent with that. I'll reserve my word. Could I just trouble you with one other question? That has to do with the availability of injunctive relief under Title II of the ADA. I would have thought that that would be entirely appropriate in this case. Yes. Given the facts, at least as we have to take them here. Right. And that, too, would not have the Eleventh Amendment issue because that's very young. Exactly. Yes. Thank you. Okay. Thank you. Thank you. Okay, Mr. Kosky. May it please the Court, Clay Kosky appearing on behalf of Don Fofana. I have two main points. It's kind of weird that you're appearing on behalf of Don Fofana since we are not, as I understand this, looking at an appeal from the order that got her out of the suit. It seems like if that's your client, you could just say, okay, nobody's worried about the Eighth Amendment anymore, at least vis-à-vis her participation in all of this. That's right, Your Honor. So I have two main points. The first is that the amended complaint doesn't state a Title II Americans with Disabilities Act claim. But how can you say that in light of cases like Swanson against Citibank and, frankly, Erickson against Pardes from the Supreme Court, which deals in particular with the pro se litigant context? We can tell. We don't have a fact pleading requirement in federal court. It's a notice pleading requirement. You plead claims. And as Judge Kirsch was saying a minute ago, you can see what his claim is. He's saying you didn't accommodate my disability, and it's pretty obvious that the accommodation was keep me down close to the ground, like in a low bunk. And the facts are for a later stage in the litigation. We don't think that the amended complaint can be read to state an ADA claim, and there's a few reasons. But you don't have to cite a statute. You would certainly agree with that. There's no requirement to cite statutes or to state legal theories in a complaint. I do, Your Honor. And I think that the court's reference to the initial complaint and this particular litigant's use of headings in the initial complaint versus no headings and the language used in the amended is very illustrative of why there wasn't an ADA claim pled. So in the amended complaint, after all the factual allegations, he summarizes it with a single sentence saying that this violated my Eighth Amendment rights. Contrast that with the initial complaint where he used headings for causes of action, and he stated what those were. But he doesn't need to do that. And he got scolded for his original complaint. Right, and then he gets right. That's right. If I was cutting pages, I'd probably start by cutting the headings. I just got to tell you. So he tried to cut pages. I'd start with the headings and the footnotes. And Judge Ludwig, though, observe how in the screening order for the initial complaint, he noted what the claims were that he believed were pled. None of those were an ADA claim. But I'm looking at his amended complaint over on this seems to be page 41 of the appendix. It's bound with the opening brief. And it's the last paragraph, you know, denying him reasonable accommodations or treatment. And so he's not allowed to, he doesn't have to mention, then he mentions it again, relief warranted, provide him with necessary accommodations to mitigate this. When you know he doesn't have to say whether this is ADA Title II, whether it's Rehabilitation Act, whether it's some supplemental state theory, you know, there are all different ways you could get there. Why doesn't that fairly state a plausible claim as Twombly requires for relief? His problem is that he states an Eighth Amendment claim very clearly and repeatedly, talks about his medical treatment. So what? I mean, you know, he also looks at accommodations. Right, but he doesn't specify at all what those accommodations were or that it was denied. I'm going to paraphrase one of our colleagues, but what rule of law requires him in his complaint to identify the accommodation? Well, he has identified something. No rule of law requires that. Correct. I can see that. But what he does identify is that he's complaining about a lack of medical care repeatedly. It sounds like what you're, it's perfectly understandable what happened here. That is, there is a primary focus of the complaint that was about medical care and the Eighth Amendment. And that, we know, in the end, turned out to be just a non-starter as a claim. Well, I guess it started, but it gets past the screening, but there's no factual basis to support it. But there is, he is also entitled to pursue this parallel set of theories under the ADA and or the Rehabilitation Act. And I understand how a district judge screening this might miss this, but it's a non-adversarial process, and he's entitled to raise this kind of question in front of us. He is, and our position is that reading the allegations in the amended complaint, they don't state an ADA claim. And what's missing? Number one, he doesn't state that he was, what he states is that he, his knee was treated poorly. Not that he was treated poorly because of his knee. And he didn't, although he says he didn't get accommodations. If that doesn't ring a bell with the ADA and the Rehabilitation Act, then you're not paying attention, right? Your Honor, I think I disagree with that. Really? In reading the four corners of the amended complaint, you cannot tie those two things together. And so that third element of because of is missing. But why is it? I mean, I guess I'm thinking from putting to one side medical malpractice, estate theory, putting to one side the Eighth Amendment, he says kind of here I am, you know, this is how I've been left, and this is my condition. I've got a bum knee because of this long, I don't know all about why you're too old or too young or too in between for ACL treatment. You know, it would be news to most pro football players that you can't have it when you're in your 20s. It would be news to high school football players. I think that's right. But anyway, he says for the time being, this is me. And I am in a prison, and so I'm entitled to the ordinary amenities. Life, which includes a bed that I can sleep in without hurting myself. And that's his ADA claim right there. You know, I'm not asking you to fix it anymore. That was a different part of the theory. But I'm a qualified person, that is to say a prisoner who needs a bed with a disability, and this is what needs accommodation. That would not be a fair paraphrase of the amended complaint. I've read the amended complaint. I think it is a fair inference. I disagree. I do not think that is a fair way to read the amended complaint. It is lacking in allegations that would meet the elements of an ADA claim. But you don't need to allege elements. You need to allege facts, correct. I want to also address sovereign immunity. I think it's an issue that this court has not resolved yet. Then why shouldn't we leave it for the district court? Or let it go under the Rehabilitation Act? Well, the Rehabilitation Act, he has not even argued that he's made a Rehabilitation Act claim. But he doesn't have to do that, though. He hasn't. If the facts and claims he's asserting give rise to a potential claim under the Rehabilitation Act, that ought to get through the screening process. And, again, I think that he has not argued there's a Rehabilitation Act claim. I want to say with regard to why— Well, but that was before you raised the 11th Amendment issue as to damages. That's correct. Would you agree that injunctive relief could be available under the ADA? It could. Is there any reason not to give this guy a lower bunk? I'm not sure. Tomorrow? Today? I'm not sure. And I want to say with regard to the sovereign immunity issue, this court in December of last year in McHugh grappled with the issue of whether sovereign immunity is jurisdictional in any way. Oh, there are volumes of books that have been written about the extent to which sovereign immunity is and is not jurisdictional. And the answer to the either-or question is yes. That's right. So I think that this could be an issue the district judge could address first, or this court could also address it. But it is a jurisdictional issue nonetheless. And this court in McHugh said that— A waivable jurisdictional issue. Does it apply to injunctive relief? It does not. So there's jurisdiction, regardless of how we would decide the 11th Amendment issue, correct? Over the injunctive relief, yes. Yes. But not as to damages. Okay. Unless they're available under the Rehabilitation Act. Right. And, again, our position is Mr. Brown has never alleged or never even argued that there's a Rehabilitation Act claim. He had no reason to until your brief. Again, the key for us are three things. Number one, his summary of all the allegations is defendants violate Eighth Amendment rights. That's what the summary, the last sentence in the amended complaint is. He only mentions the ADA in the sense that he says he was—he did not receive an accommodation. And then the only time he mentions a low bunk is to say that he received a low bunk at the last institution. So in that regard, those are the three—only the three things that would tie his allegations to an ADA claim, and we think that's insufficient to state a claim. So we'd ask that this court would affirm the district court's judgment. Thank you, Your Honors. Thank you, Mr. Koski. Mr. Weiss, would you—I don't remember. You've got some time. We'll give you a minute for rebuttal if you'd like to add anything. Thank you, Your Honors. I have nothing to add, but I'd be happy to answer any questions. Okay. Thank you very much. Thank you very much. The case will be taken under advisement.